IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA J. WARD,

       Plaintiff,

v.                                      Civil Action No. 5:06CV37
                                                (STAMP)

MARATHON ASHLAND PETROLEUM LLC,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**
**FOR LACK OF REQUISITE AMOUNT IN CONTROVERSY**
**AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**

I.  Background

Plaintiff, Cynthia J. Ward, filed a complaint in the Circuit Court of Ohio County, West Virginia, against the defendant, Marathon Ashland Petroleum LLC ("Marathon"), alleging breach of contract, breach of warranty, product liability, negligence and violations of the West Virginia Consumer Protection Act. On April 3, 2006, the defendant filed a notice of removal pursuant to 28 U.S.C. § 1332(a).[1] On April 5, 2006, the plaintiff filed a motion to remand and request for attorney's fees, to which the defendant filed a response. To date, the plaintiff has not filed a reply.

For the reasons set forth below, this Court finds that the plaintiff's motion to remand must be granted and the plaintiff's request for attorney's fees must be denied.

---

[1]The defendant does not contend that the plaintiff's complaint presents a federal question under 28 U.S.C. § 1331.

II. <u>Applicable Law</u>

When a defendant seeks to remove a case from state court to a federal district court, the federal court must be able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. <u>See</u> <u>id.</u>

Accordingly, the burden of establishing that the plaintiff's damages exceed the jurisdictional amount of $75,000.00 lies with the defendant. <u>See</u> 14C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3725 (3d ed. 1998). This Court has consistently applied the "preponderance of evidence" standard to determine whether defendant has met its burden of proving the amount in controversy. Accordingly, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." <u>DeAguilar v. Boeing Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995), <u>cert. denied</u>, 516 U.S. 865 (1995). This burden of proof requires the defendant to produce

evidence that establishes that the actual amount in controversy exceeds $75,000.00. See id.

Although courts strictly construe removal jurisdiction, see Mulcahey, 29 F.3d 151, the court is not required "to leave common sense behind" when determining the amount in controversy. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When considering the amount in controversy requirement of § 1332(a), ethical considerations are also relevant. In Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994), the court noted that an attorney's duty of candor imposed by Rule 11 of the state's rules of civil procedure should prevent the plaintiff's attorneys from using deceptive practices to avoid federal court jurisdiction. Consequently, unless provided with a reason, a court should not assume that a plaintiff's attorney has represented falsely, or did not appreciate, the value of his or her client's case. See id.

Finally, it is a long-standing principle that amount in controversy is determined at the time the complaint was filed. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938); see also Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). Accordingly, if a post-removal event destroys the basis for removal jurisdiction available when the complaint was filed, a motion to remand should be denied. See Wisconsin Dep't of

Corrs. v. Schacht, 524 U.S. 381, 390 (1998); St. Paul Mercury, 303 U.S. at 292.

## IV. Discussion

In her motion to remand, the plaintiff does not deny that diversity exists, but argues that the defendant must show that the jurisdictional amount has been satisfied by a preponderance of the evidence, and that the defendant has failed to meet this burden. Specifically, the plaintiff argues that the damages incurred are less than $15,000.00 and the complaint does not allege fraud, misrepresentation or other malicious acts giving rise to punitive damages.

In response, the defendant asserts that the plaintiff's motion should be denied because the complaint sets forth an amount which meets the jurisdictional minimum. Specifically, the defendant argues that it is "facially apparent" that the amount in controversy is met because the plaintiff is requesting attorney's fees, which are recognized as a remedy allowed under the implied warranty of merchantability. (Def.'s Resp. to Pl.'s Mot. to Remand at 4.) See 15 U.S.C. § 2310(a)(2); Hawkins v. Ford Motor Co., 566 S.E.2d 624 (W. Va. 2002). In addition, the defendant asserts that the plaintiff failed to file a formal, pre-removal and binding stipulation explicitly limiting recovery to less than the jurisdictional minimum.

This Court finds that the defendant has not met its burden of proof with regard to the amount in controversy. This Court finds that the defendant's removal cannot be based on speculation about what a jury might decide, rather it must be based on facts as they existed at the time of removal. See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). In the notice of removal, the plaintiff requests property damages in the amount of $15,000.00. The fact that property damages are about $15,000.00 indicates that damages in this civil action could be well below the jurisdictional minimum. The plaintiff also requests damages for annoyance, inconvenience and aggravation, loss of the use of the vehicle, incidental expenses and attorney fees. Just because the plaintiff asserts that she is entitled to damages for annoyance, inconvenience and aggravation, loss of the use of the vehicle, incidental expenses and attorney's fees, without more, does not give rise to federal jurisdiction. Accordingly, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00.

Further, the defendant asserts that a litigant who wants to prevent removal must file a "formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery" pursuant to McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001). First, as stated above, the defendant has the burden of establishing that removal is proper, not the

5

plaintiff. See 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 (3d ed. 1998). Second, McCoy, 147 F. Supp. 2d at 481, does not mandate that a plaintiff file a binding stipulation to prevent removal. McCoy holds that a plaintiff may file a binding pre-removal stipulation to prevent removal. Id. at 485 (emphasis added). Thus, while a plaintiff's willingness to sign a binding, pre-removal stipulation that she will neither seek nor accept damages may be probative in showing that her claim does not amount to the jurisdictional minimum, the refusal to sign such an agreement does not establish the requisite amount in controversy. Gramc v. Millar Elevator Co./Schindler, 3 F. Supp. 2d 1082, 1084 (E.D. Mo. 1998).

Accordingly, this Court finds that the plaintiff's motion to remand must be granted at this time. Nothing prevents the defendant from filing a second notice of removal upon receipt by the defendant of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b). However, a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action. Id.

The plaintiff also seeks an award of attorney's fees and costs incurred in pursing this remand. Title 28, United States Code, Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including

attorney's fees, incurred as a result of the removal." The award of such costs and expenses is discretionary. After reviewing the motion and the memoranda in support thereof and in opposition thereto, this Court finds that the request for attorney's fees and costs should be denied.

V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED and the plaintiff's request for attorney's fees is DENIED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED: July 13, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE